**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBIN RICHARDSON | : | |
| *Plaintiff* | : | CIVIL ACTION NO. |
| | : | |
| v. | : | |
| | : | |
| AMERICAN RED CROSS | : | |
| -and- | : | |
| ELLIOTT-LEWIS CORPORATION | : | |
| -and- | : | |
| JOHN DOES 1-5, FICTITIOUS | : | |
| DEFENDANTS | : | **ARBITRATION CASE** |
| *Defendants* | : | |

**CIVIL ACTION COMPLAINT**

**I.     PRELIMINARY STATEMENT**

1.      This is an action against Defendants, American Red Cross, Elliott-Lewis

Corporation and John Does 1-5, Fictitious Defendants, for personal injuries caused to Plaintiff,

Robin Richardson, by the negligent acts and/or omissions of the Defendants and their respective

agents, servants, workmen and/or representatives.

**II.     PARTIES**

2.      Plaintiff, Robin Richardson, is an adult individual and citizen of the State of

Georgia, residing therein at 110 Grove Springs, Locust Grove, GA 30248.

3.      Defendant, American Red Cross, was and is now a business entity, believed to be

a federally chartered corporation authorized to do business in the Commonwealth of

Pennsylvania with a place of business located therein at 2213-2221 Chestnut Street, Philadelphia,

PA 19103.

4.      Defendant, Elliott-Lewis Corporation, was and is now a business entity, believed

to be a corporation, duly organized and existing under the laws of the Commonwealth of

Pennsylvania with a principal place of business located therein at 2900 Black Lake Place, Philadelphia, PA 19154.

5.      Defendants, John Does 1-5, Fictitious Defendants, are, upon information and belief, individuals, businesses and/or entities that may have been responsible for the inspection, maintenance and/or repair of the premises described herein at the time of Plaintiff's accident and may therefore be responsible, in whole or in part, for the damages suffered by Plaintiff.

6.      At all times relevant hereto, the Defendants, and each of them, acted by and through their respective trustees, directors, agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same and under the direct control of the Defendants..

7.      At all times material herein, the Defendants, by and through their respective trustees, directors, agents, servants, workmen, employees and/or other representatives, acting within the course and scope of their employment with the Defendants, owned, operated, controlled, leased, inspected, possessed, managed, and/or maintained the premises located at 2221 Chestnut Street, Philadelphia, PA 19103, including, among other things, providing services to operate, repair and maintain building systems, performing routine preventative maintenance, inspecting building areas and systems, and performing plumbing tasks to restroom fixtures, sinks and other installations.

8.      On or about October 30, 2018, and for a long time prior thereto, it was the duty of the Defendants, by and through their trustees, directors, agents, servants, workmen, employees and/or other representatives, to keep and maintain the premises located at 2221 Chestnut Street, Philadelphia, PA 19103 in a reasonably safe condition for persons lawfully upon the premises, such as Plaintiff, Robin Richardson.

### III.   JURISIDCTION AND VENUE

9.   Jurisdiction is conferred upon this Court by virtue of the American Red Cross, which is a federally chartered corporation, being named as a Defendant.

10.   The amount in controversy in this action is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and fees.

11.   Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the Defendants are subject to personal jurisdiction within this District.  In addition, the incident, acts and/or omissions giving rise to Plaintiff's claims occurred within this District.

**COUNT I**
**ROBIN RICHARDSON v. AMERICAN RED CROSS**
**NEGLIGENCE – PREMISES LIABILITY**

12.   Plaintiff hereby incorporates by reference paragraphs one (1) through eleven (11) of the within Complaint, as though the same were fully set forth at length herein.

13.   On or about October 30, 2018, Plaintiff, Robin Richardson, was in the course and scope of her employment with T.U.C.S. Cleaning Services, Inc., and was walking inside the Defendant's aforesaid premises located at 2221 Chestnut Street, Philadelphia, PA 19103, when, suddenly and without warning, and as a direct result of a defective and/or dangerous condition upon said premises, Plaintiff slipped on a puddle of water believed to have formed as a result of a leaking pipe, thereby causing her to fall and sustain various severe and permanent bodily injuries and losses as more fully set forth below.

14.   The incident described in the preceding paragraphs of the within Complaint was caused by the negligence and carelessness of the Defendant, American Red Cross, by and through its agents, servants, workmen, employees and/or other representatives acting within the

3

course and scope of the employment, agency and/or service for the same, generally and in the

following particular respects:

    (a)    carelessly and negligently allowing a dangerous condition to exist for a prolonged period of time so as to cause injury to the Plaintiff, more specifically failing to timely clear a puddle of water believed to have formed as a result of a leaking pipe that had accumulated on the floor of the aforesaid premises;

    (b)    carelessly and negligently failing to recognize an accumulation of water believed to have formed as a result of a leaking pipe on the aforesaid premises which caused Plaintiff's fall and removing the same from the premises;

    (c)    carelessly and negligently failing to inspect the premises in such a manner so as to identify defects and prevent potential bodily injuries to third parties, such as the Plaintiff;

    (d)    carelessly and negligently failing to recognize the defect which caused the puddle of water believed to have formed as a result of a leaking pipe to accumulate on the aforesaid premises and to timely remedy same;

    (e)    carelessly and negligently failing to inspect, maintain and repair building systems and/or plumbing fixtures and installations which caused the aforesaid leak at the aforesaid premises;

    (f)    carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety warnings to individuals lawfully on the Defendant's premises;

    (g)    failing to ensure that the premises could be traversed in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

    (h)    failing to adequately and timely repair defects to the aforesaid premises, more specifically failing to clear a puddle of water formed as a result of a leaking pipe;

    (i)    failing to correct a dangerous and hazardous condition of which the Defendant was aware or should have been aware;

    (j)    failing to warn people lawfully upon the Defendant's premises, such as the Plaintiff, of the aforesaid dangerous condition;

    (k)    otherwise failing to provide a safe place for persons lawfully upon the Defendant's premises, such as the Plaintiff, to travel;

(l)     negligence by virtue of the doctrine of *respondeat superior*; and

(m)     negligence by virtue of the doctrine of *res ipsa loquitor*.

15.     Plaintiff, Robin Richardson, in no manner contributed to her injuries, which were the direct and proximate result of the Defendant's own negligence and/or carelessness.

16.     As a result of the aforesaid negligence of the Defendant, Plaintiff, Robin Richardson, suffered severe injuries, including, but not limited to, cervical sprain and strain, cervical radiculopathy, lumbar spine sprain and strain, right shoulder sprain and strain, right elbow sprain and strain, right wrist sprain and strain, as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

17.     As a result of the aforesaid negligence of the Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of her injuries and incur such expenditures for an indefinite time in the future.

18.     As a further result of the aforesaid accident, Plaintiff, Robin Richardson, has in the past and may in the future suffer a loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

19.     Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

20.     As a further result of the aforesaid negligence of the Defendant, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily

function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

21.    As a further result of the aforesaid accident, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

22.    As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, Robin Richardson, demands judgment against Defendant, American Red Cross, in an amount not in excess of One Hundred and Fifty Thousand Dollars ($150,000.00).

## COUNT II
## ROBIN RICHARDSON v. ELLIOTT-LEWIS CORPORATION
## NEGLIGENCE – PREMISES LIABILITY

23.    Plaintiff hereby incorporates by reference paragraphs one (1) through twenty-two (22) of the within Complaint, as though the same were fully set forth at length herein.

24.    On or about October 30, 2018, Plaintiff, Robin Richardson, was in the course and scope of her employment with T.U.C.S. Cleaning Services, Inc., and was walking inside the Defendant's aforesaid premises located at 2221 Chestnut Street, Philadelphia, PA 19103, when, suddenly and without warning, and as a direct result of a defective and/or dangerous condition upon said premises, Plaintiff slipped on a puddle of water believed to have formed as a result of a leaking pipe, thereby causing her to fall and sustain various severe and permanent bodily injuries and losses as more fully set forth below.

25.    The incident described in the preceding paragraphs of the within Complaint was caused by the negligence and carelessness of the Defendant, Elliott-Lewis Corporation, by and

through its agents, servants, workmen, employees and/or other representatives acting within the

course and scope of the employment, agency and/or service for the same, generally and in the

following particular respects:

(a)     carelessly and negligently allowing a dangerous condition to exist for a prolonged period of time so as to cause injury to the Plaintiff, more specifically failing to timely clear a puddle of water believed to have formed as a result of a leaking pipe that had accumulated on the floor of the aforesaid premises;

(b)     carelessly and negligently failing to recognize an accumulation of water believed to have formed as a result of a leaking pipe on the aforesaid premises which caused Plaintiff's fall and removing the same from the premises;

(c)     carelessly and negligently failing to inspect the premises in such a manner so as to identify defects and prevent potential bodily injuries to third parties, such as the Plaintiff;

(d)     carelessly and negligently failing to recognize the defect which caused the puddle of water believed to have formed as a result of a leaking pipe to accumulate on the aforesaid premises and to timely remedy same;

(e)     carelessly and negligently failing to inspect, maintain and repair building systems and/or plumbing fixtures and installations which caused the aforesaid leak at the aforesaid premises;

(f)     carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety warnings to individuals lawfully on the Defendant's premises;

(g)     failing to ensure that the premises could be traversed in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

(h)     failing to adequately and timely repair defects to the aforesaid premises, more specifically failing to clear a puddle of water formed as a result of a leaking pipe;

(i)     failing to correct a dangerous and hazardous condition of which the Defendant was aware or should have been aware;

(j)     failing to warn people lawfully upon the Defendant's premises, such as the Plaintiff, of the aforesaid dangerous condition;

(k)     otherwise failing to provide a safe place for persons lawfully upon the Defendant's premises, such as the Plaintiff, to travel;

(l)     negligence by virtue of the doctrine of *respondeat superior*; and

(m)     negligence by virtue of the doctrine of *res ipsa loquitor*.

26.     Plaintiff, Robin Richardson, in no manner contributed to her injuries, which were the direct and proximate result of the Defendant's own negligence and/or carelessness.

27.     As a result of the aforesaid negligence of the Defendant, Plaintiff, Robin Richardson, suffered severe injuries, including, but not limited to, cervical sprain and strain, cervical radiculopathy, lumbar spine sprain and strain, right shoulder sprain and strain, right elbow sprain and strain, right wrist sprain and strain, as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system.  Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

28.     As a result of the aforesaid negligence of the Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of her injuries and incur such expenditures for an indefinite time in the future.

29.     As a further result of the aforesaid accident, Plaintiff, Robin Richardson, has in the past and may in the future suffer a loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

30.     Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

31.     As a further result of the aforesaid negligence of the Defendant, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily

function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

32.     As a further result of the aforesaid accident, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

33.     As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, Robin Richardson, demands judgment against Defendant, Elliott-Lewis Corporation, in an amount not in excess of One Hundred and Fifty Thousand Dollars ($150,000.00).

### COUNT III
### ROBIN RICHARDSON v. JOHN DOES 1-5, FICTITIOUS DEFENDANTS
### NEGLIGENCE – PREMISES LIABILITY

34.     Plaintiff hereby incorporates by reference paragraphs one (1) through thirty-three (33) of the within Complaint, as though the same were fully set forth at length herein.

35.     On or about October 30, 2018, Plaintiff, Robin Richardson, was in the course and scope of her employment with T.U.C.S. Cleaning Services, Inc., and was walking inside the Defendant's aforesaid premises located at 2221 Chestnut Street, Philadelphia, PA 19103, when, suddenly and without warning, and as a direct result of a defective and/or dangerous condition upon said premises, Plaintiff slipped on a puddle of water believed to have formed as a result of a leaking pipe, thereby causing her to fall and sustain various severe and permanent bodily injuries and losses as more fully set forth below.

36.     The incident described in the preceding paragraphs of the within Complaint was caused by the negligence and carelessness of the Defendant(s), John Does 1-5, Fictitious

Defendants, by and through its/their agents, servants, workmen, employees and/or other representatives acting within the course and scope of the employment, agency and/or service for the same, generally and in the following particular respects:

(a)     carelessly and negligently allowing a dangerous condition to exist for a prolonged period of time so as to cause injury to the Plaintiff, more specifically failing to timely clear a puddle of water believed to have formed as a result of a leaking pipe that had accumulated on the floor of the aforesaid premises;

(b)     carelessly and negligently failing to recognize an accumulation of water believed to have formed as a result of a leaking pipe on the aforesaid premises which caused Plaintiff's fall and removing the same from the premises;

(c)     carelessly and negligently failing to inspect the premises in such a manner so as to identify defects and prevent potential bodily injuries to third parties, such as the Plaintiff;

(d)     carelessly and negligently failing to recognize the defect which caused the puddle of water believed to have formed as a result of a leaking pipe to accumulate on the aforesaid premises and to timely remedy same;

(e)     carelessly and negligently failing to inspect, maintain and repair building systems and/or plumbing fixtures and installations which caused the aforesaid leak at the aforesaid premises;

(f)     carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety warnings to individuals lawfully on the Defendant's premises;

(g)     failing to ensure that the premises could be traversed in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

(h)     failing to adequately and timely repair defects to the aforesaid premises, more specifically failing to clear a puddle of water formed as a result of a leaking pipe;

(i)     failing to correct a dangerous and hazardous condition of which the Defendant was aware or should have been aware;

(j)     failing to warn people lawfully upon the Defendant's premises, such as the Plaintiff, of the aforesaid dangerous condition;

(k)     otherwise failing to provide a safe place for persons lawfully upon the Defendant's premises, such as the Plaintiff, to travel;

(l)     negligence by virtue of the doctrine of *respondeat superior*; and

(m)     negligence by virtue of the doctrine of *res ipsa loquitor*.

37.     Plaintiff, Robin Richardson, in no manner contributed to her injuries, which were the direct and proximate result of the John Doe Defendant(s)'s own negligence and/or carelessness.

38.     As a result of the aforesaid negligence of the John Doe Defendant(s), Plaintiff, Robin Richardson, suffered severe injuries, including, but not limited to, cervical sprain and strain, cervical radiculopathy, lumbar spine sprain and strain, right shoulder sprain and strain, right elbow sprain and strain, right wrist sprain and strain, as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system.  Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

39.     As a result of the aforesaid negligence of the John Doe Defendant(s), Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of her injuries and incur such expenditures for an indefinite time in the future.

40.     As a further result of the aforesaid accident, Plaintiff, Robin Richardson, has in the past and may in the future suffer a loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

41.     Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

42.     As a further result of the aforesaid negligence of the John Doe Defendant(s), Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

43.     As a further result of the aforesaid accident, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

44.     As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, Robin Richardson, demands judgment against Defendant(s), John Does 1-5, Fictitious Defendants, in an amount not in excess of One Hundred and Fifty Thousand Dollars ($150,000.00).


Respectfully submitted,

**SWARTZ CULLETON PC**


By:     /s/Brandon A. Swartz
        Brandon A. Swartz, Esquire
        Bryan M. Ferris, Esquire
        547 E. Washington Avenue
        Newtown, PA 18940
        T: (215) 550-6553
        F: (215) 550-6557
        bswartz@swartzculleton.com
        bferris@swartzculleton.com

        *Attorneys for Plaintiff*,
        Robin Richardson

Date: September 11, 2020

12

## VERIFICATION

I, _____, hereby state that I am the Plaintiff in this action and verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief.   The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.